IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DOTTIE BROWN and BONNIE JONES as
Co-Personal Representatives of the Estate of
BOBBI JO LONG, Deceased, and
TRACY LEE BROWN as parent and guardian of
ASHLEE JO BROWN, a minor,

      Plaintiffs,

v.                                        No. CIV 09-321 MCA/WDS

BOARD OF COUNTY COMMISSIONERS OF THE
COUNTY OF SAN JUAN, a political subdivision of the
STATE OF NEW MEXICO, and its Subsidiaries, the
SAN JUAN COUNTY SHERIFF'S DEPARTMENT and
the SAN JUAN COUNTY DETENTION CENTER;
JAMES FROST, individually and in his official capacity
with the San Juan County Sheriff's Department; and
JOHN/JANE DOES 1-10, individually and in their official
capacities as Employees and/or Agents of the San Juan
County Detention Center,

      Defendants.

## RESPONSE TO DEFENDANTS' MOTION TO DISMISS
## LOSS OF CONSORTIUM CLAIM [Doc. 74 & 75]

COME NOW Plaintiffs, by and through their attorneys Guebert Bruckner P.C., and in

Response to Defendants' Motion to Dismiss Loss of Consortium Claim state as follows:

As set forth below, Plaintiffs will agree to withdraw the claim of Ashlee Jo Brown for

loss of consortium damages under 42 U.S.C. § 1983.  However, Defendants' contention that

Ashlee Jo Brown cannot recover damages for loss of consortium under the New Mexico Tort

Claims Act is without merit.  The New Mexico Tort Claims Act specifically waives a law

enforcement officer's sovereign immunity from tort liability for personal injury, bodily injury,

wrongful death and property damage resulting from the deprivation of a constitutionally

protected right.  *See* NMSA 1978 § 41-4-12.  In their Motion to Dismiss, Defendants rely

initially on *Lessen v. City of Albuquerque*, 2008-NMCA-85, 144 N.M. 314, *writ of cert denied*,

144 N.M. 331 (2008).  However, the facts of that case are distinguishable from the case at bar.

Next, Defendants rely on *Lucero v. Salazar*, 117 N.M. 803, 877 P.2d 1106 (Ct. App.

1994).  However, as Defendants concede in footnote 1 of their Memorandum, the holding in

*Lucero* has been distinguished by the New Mexico Court of Appeals in *Brennenman v. Board of*

*Regents of the University of New Mexico*, 2004-NMCA-3, 135 N.M. 68, 84 P.3d 685, *cert denied*

135 N.M. 51.  *Brennenman* explicitly held that the availability of consortium damages under the

New Mexico Tort Claims Act was not considered as an issue ten years earlier in *Lucero*.

Consequently, the Court of Appeals in *Brennenman* explicitly held that its decision in *Lucero*

cannot be cited as a bar to loss of consortium claims under the Tort Claims Act.  Based upon the

holding in *Brennenman*, Defendants' Motion to Dismiss [Doc. 74 & 75] should be denied.


## ARGUMENT

**I.      Plaintiff Ashlee Jo Brown can recover loss of consortium damages under the
         New Mexico Tort Claims Act**

        A.      A law enforcement officer's sovereign immunity from tort liability
              is waived for personal injury, bodily injury, wrongful death and
              property damage resulting from the deprivation of a
              constitutionally protected right.

The New Mexico Tort Claims Act waives sovereign immunity from tort liability for law

enforcement officers for personal injury, bodily injury, wrongful death and property damage

resulting from specific enumerated torts.  *See* Section 41-4-12 NMSA 1978.  The specific torts

for which sovereign immunity is waived are assault, battery, false imprisonment, false arrest,

malicious prosecution, abuse of process, libel, slander, defamation of character, violation of

property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico. *Id.*

Plaintiffs' Complaint alleges that Defendant James Frost and the Defendant corrections officers employed by the San Juan County Detention Center, in their official capacities as law enforcement officers, deprived Bobbie Jo Long of her constitutional right to humane conditions of confinement. [Complaint at ¶¶ 12, 14, 79, 85.] As stated in the New Mexico Tort Claims Act, sovereign immunity is waived for the conduct of Defendant Frost and the Defendant corrections officers as alleged in Plaintiffs' Complaint. These Defendants have no sovereign immunity with respect to Plaintiffs' claims, and Plaintiffs are entitled to pursue any damages allowable under the law at trial against these Defendants.

To the extent that Defendants' rely on *Lessen v. City of Albuquerque*, 2008-NMCA-85, such reliance is misplaced. *Lessen* involved claims against corrections officers that the plaintiff in that case conceded were rooted in negligence. *Lessen* at ¶ 35. In *Lessen*, the New Mexico Court of Appeals specifically found that the plaintiff did not present evidence that the defendant corrections officers had deprived her son of his due process rights as alleged. *Id.* at ¶ 47. Summary judgment was therefore affirmed because sovereign immunity for law enforcement officers was not waived for mere negligence. *Id.*

Defendants' Motion does not argue that Plaintiffs have not sufficiently alleged that a deprivation of Bobbie Jo Long's constitutional rights occurred. Further, Defendants' Motion does not argue that the evidence adduced thus far does not support Plaintiffs' claims that Defendant Frost or the Defendant corrections officers deprived Bobbi Jo Long of her constitutional right to humane conditions of confinement. Rather, in one breath Defendants assert that none of the enumerated torts from Section 41-4-12 NMSA 1978 are implicated in the

case at bar while in the very next breath they acknowledge that Plaintiffs' Complaint alleges the deprivation of Bobbi Jo Long's constitutional rights.

Contrary to the incorrect assertions in Defendants' Motion, Plaintiffs' Complaint does not allege mere negligence with respect to the actions of any of the law enforcement officer Defendants.  As discussed previously, Plaintiffs' Complaint alleges that the law enforcement officer Defendants in the case at bar deprived Bobbi Jo Long of her constitutional right to humane conditions of confinement.  Therefore, *Lessen* is inapplicable, sovereign immunity is waived, and Defendants' motion should be denied.

B.    Loss of consortium is a damage resulting from bodily injury and is the type of damage the Legislature intended to include under the applicable waivers of sovereign immunity under the New Mexico Tort Claims Act

Defendants' Motion relies on *Lucero v. Salazar,* 117 N.M. 803 (Ct. App. 1994), for the proposition that loss of consortium damages are not available for any claim made under the Tort Claims Act because the Legislature did not intend to waive immunity for injuries to indirect or incidental victims of tortious acts committed by government employees.  *Lucero*, 117 N.M. at 806.  However, in footnote 1 to their Motion, Defendants acknowledge the existence of a more recent decision in *Brennenman v. Board of Regents*, 2004-NMCA-3, 135 N.M. 68, *cert denied* 135 N.M. 51 (2003).

While Defendants acknowledge *Brennenman*, they have failed to fully address the significance of the holdings in that case.  In *Brennenman*, the New Mexico Court of Appeals found that it was reasonable to construe a derivative claim of loss of consortium as a claim "resulting from bodily injury."  *Id*. at ¶ 9.  Therefore, the court found that *Lucero* did not bar derivative claims for loss of consortium damages under the New Mexico Tort Claims Act because the *Lucero* plaintiffs argued that they had constitutional claims in their own right rather

than that they were entitled to loss of consortium damages as part of derivative claims.  *Id*. at ¶

15.   This holding is central to the case at bar because Ashlee Jo Brown has not made any

constitutional claim in her own right.   Rather, her claim for loss of consortium damages is

derived from Plaintiffs' claim that Bobbi Jo Long was deprived of her constitutional right to

humane conditions of confinement.   Therefore, as held in *Brennenman*, *Lucero* does not bar

Ashlee Jo Brown's derivative claim for loss of consortium damages under the New Mexico Tort

Claims Act.

Furthermore, the Court of Appeals in *Brennenman* explicitly rejected Defendants'

allegation in their footnote that, "It is doubtful that the *Lucero* Court ignored *Romero v. Byers*."

117 N.M. 422, 872 P.2d 840 (1994)(New Mexico case that first recognized loss of consortium

claims).  The Court of Appeals wrote:

> Lucero was decided less than two months after Romero recognized
> the loss of consortium claim in New Mexico, and we did not take
> note of Romero.  Therefore, we find that the availability of loss of
> consortium damages under the Act was not considered as an issue
> in *Lucero*, and, consequently, Lucero cannot be cited to bar a loss
> of consortium claim. [citation omitted]  However, when viewed in
> light of the body of law establishing loss of consortium, which
> began at about the time Lucero was decided and has since greatly
> expanded, and the fact that Lucero did not directly address the
> issue, this language cannot be found to bar our decision in the
> present case.

*Id*. at ¶ 16.    Obviously, the New Mexico Court of Appeals is better able to comment on what

precedent that Court considered in *Lucero* than Defendants' counsel.

Despite the clear language of this holding, the Defendants maintain *Brennenman* is only

applicable with respect to the waivers of immunity in §§ 41-4-9 and 41-4-10 NMSA 1978.   The

New Mexico Court of Appeals made no such distinction.  The *Brennenman* court acknowledged

the differences in the waivers of immunity and acknowledged that § 41-4-12 required the

commission of a specific enumerated tort in order for immunity to be waived. *Id*. at ¶ 14.

However, the Court of Appeals held that:

> As loss of consortium is a damage resulting from bodily injury and
> our courts have repeatedly held that loss of consortium plaintiffs
> are foreseeable, we believe that loss of consortium is exactly the
> type of damage based upon the traditional tort concepts of duty
> that the Legislature intended to include under the applicable
> waivers of sovereign immunity in the Act.

*Id*. at ¶ 19.  In light of the ruling by the Court of Appeals in *Brennenman*, which did address and

consider the impact of *Romero v. Byers,* the decision ten years earlier in *Lucero* that the Court of

Appeals specifies did not consider *Romero* can no longer be cited as a basis to bar loss of

consortium damages under the New Mexico Tort Claims Act.

On this basis, Defendants' motion should be denied.

C.      Defendants' Motion does not address Plaintiffs' negligence claim
         against Defendant San Juan County

Plaintiffs' have alleged a claim against San Juan County under the New Mexico Tort

Claims Act for negligently failing to properly screen, hire, train, monitor, supervise and/ or

discipline its employees, by failing to adopt and ensure compliance with appropriate policies,

procedures and protocols, by failing to implement appropriate supplemental training, by failing

to appropriately discipline subordinate officers, and by failing to take other appropriate and usual

supervisory actions to correct the problems and prevent the harm which resulted to Plaintiffs.

[Complaint Count IV at ¶ 70]  Plaintiff Ashlee Jo Brown has claimed that she suffered loss of

consortium damages as a result of this negligence by San Juan County. [Complaint at ¶ 72]

Defendants' Motion does not address Count IV and does not cite any authority that refuses to

waive sovereign immunity with respect to this claim.  Defendants' Motion only addresses the

claims made against the law enforcement officer Defendants under § 41-4-12 of the Tort Claims

Act.  [Complaint Count VI at ¶83]  Therefore, Defendants' Motion should not be read to include Plaintiff Ashlee Jo Brown's claim for loss of consortium made with respect to the aforementioned negligent acts by Defendant San Juan County under Count IV of the Complaint.

**II.     Loss of Consortium Claim under 42 U.S.C. § 1983**

Plaintiffs acknowledge that the Tenth Circuit has interpreted and borrowed portions of Oklahoma Sate Law, pursuant to 42 U.S.C. Section 1988, and determined that loss of consortium damages are not available in a 1983 action.  *Berry v. City of Muskogee, Okl.*, 900 F.2d 1489, 1506-1507, (10th Cir. 1990).  Plaintiffs further acknowledge that there is a split amongst the Circuits with respect to the manner in which state law should be interpreted and borrowed pursuant to 42 U.S.C. Section 1988, and the resulting availability of certain categories of damages in a 1983 action.  *See e.g. Brazier v. Cherry,* 293 F.2d 401 (5th Cir. 1961).  However, in the interests of streamlining this litigation, Plaintiffs agree to withdraw Ashlee Jo Brown's loss of consortium claims under 42 U.S.C. 1983.

WHEREFORE Plaintiffs pray that the Defendants' Motion to Dismiss Loss of Consortium Claim be denied.

GUEBERT BRUCKNER P.C.

By  */s/ Don Bruckner*_____
        Terry R. Guebert
        Don Bruckner
        Christopher J. DeLara
        P. O. Box 93880
        Albuquerque, NM 87199-3880
        (505) 823-2300
        *Attorneys for Plaintiffs*

I HEREBY CERTIFY that on the 18th day of March, 2010, I filed the foregoing Response electronically through the CM/ECF system, which caused the following Parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

James P. Sullivan, Esq.
jpsullivan@qwestoffice.net

Christina L.G. Brennan, Esq.
clgbrennan@qwestoffice.net

Ronald J. Childress, Esq.
ron@klecanchildress.com


__/s/ Don Bruckner_____
Don Bruckner


F:\Clients\7100.028cf\Pleadings\Response to Motionto Dismiss LOC Claim.doc/mlm

8